**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SUSAN J. SOMMERFELD,
　　　　　　Appellant,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
CH-0831-15-0038-I-1

DATE: June 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan J. Sommerfeld</u>, Milwaukee, Wisconsin, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal in which she challenged the Office of Personnel Management's (OPM's) denial of her claim for a former spouse survivor annuity. Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal from OPM's October 6, 2014 reconsideration decision, in which it denied her claim for a survivor annuity based on the service of her former husband who had recently died. Initial Appeal File (IAF), Tab 1 at 1-4, 7-9. During adjudication, OPM stated that it had rescinded the reconsideration decision and moved that the appeal be dismissed. *Id*., Tab 7. The administrative judge dismissed the appeal for lack of jurisdiction. *Id*., Tab 9, Initial Decision at 2.

¶3 On review, the appellant continues to argue that she is entitled to the benefit she seeks. Petition for Review (PFR) File, Tab 1. OPM has responded in opposition to the appellant's petition for review. *Id*., Tab 5.

¶4 If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008); *Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006). As noted, OPM asserted in the proceedings below that it had rescinded the reconsideration decision,

indicating that it intended to render a new decision after it "[took] another look at the case." IAF, Tab 7. The appellant has not, on review, challenged the accuracy of OPM's statement or identified any other basis upon which to find that the Board retains jurisdiction over this appeal despite that rescission and therefore we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

---

[2] In its response to the appellant's petition for review, OPM indicates that it has issued a new reconsideration decision in which it provided the appellant with instructions on how to appeal it to the Board. PFR File, Tab 5. In fact, the appellant has already filed an appeal of that decision. *Sommerfeld v. Office of Personnel Management*, MSPB Docket No. CH-0831-15-0435-I-1.

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.